Roy L. Brockman and Eddie Nix v. The State.

No. 13358.   Delivered May 21, 1930.

Reported in 28 S. W. (2d) 820.

The opinion states the case.

*John D. Reese* of McKinney for appellant.

*J. E. Abernathy,* County Attorney and *W. C. Dowdy,* Assistant County Attorney both of McKinney and *A. A. Dawson,* State's Attorney of Austin, for the State.

LATTIMORE, Judge.—Conviction for violation of the Sunday law; punishment, a fine of $50.00 against appellant Brockman in each of three cases, and the same amount against appellant Nix in each of two cases.

We find in this case neither a motion to quash nor in arrest of judgment because of the fault herein discussed.   The complaint herein charges that appellants were "the proprietors, agents and employes of a place of public amusement, to-wit: what is commonly known as a picture show," etc.   There appear a number counts, in all of which appellants are described as above mentioned.   Our statute on this subject, Art. 286, P. C., penalizes the proprietor of any place of public amusement, "or the agent or employe of such person," who opens such place on Sunday for the purpose of public amusement and charges admission.   The testimony in this case sufficiently showed appellants to have been guilty of doing the thing charged, but it is shown that appellant Brockman was the manager of a picture show owned by Robb & Rowley and the Paramount Picture Show Corporation.   Appellant Nix was the operator of one of the machines in said show.

In his charge to the jury the court submitted the question of the guilt of appellants as agents and employes *of the proprietor of a*

*motion picture show.* This was excepted to on the ground that there was no allegation in the information that appellants were the agents and employes of "the proprietor of a picture show,"—and that said charge was not supported by or in accord with the State's pleading. We think this contention sound. As said in Whitcomb v. State, 30 Texas Crim. App. 270: "It is elementary that the charge of the court should be confined to and limited by the allegations contained in the indictment." Also in Archer v. State, 10 Texas Crim. App. 483, wherein it is said: "As the legislature,— the law-making power,—has seen proper to insert in the act certain elements of the offense, we are not at liberty to eliminate them from the act, and make acts penal which are not denounced as such by the law." The legislature having written in this statute that persons who are agents and employes, and attempted to be penalized as such for keeping a place of public amusement open on Sunday, must be characterized in the State's pleading as the agents and employes of some private person, or else agents and employes of some firm, corporation or company. In charging the offense in the language used as descriptive of the attitude of appellants, the learned trial judge fell into error. We know of no authority and are cited to none holding that to merely characterize the employer or principal as "A motion picture show," or as "a place of public amusement," describes any person, either natural or artificial. It appears from this record that upon a former trial, after the appellants had pleaded not guilty and the trial had progressed, the State dismissed or abandoned the charge against them as proprietors.

Appellants may be guilty, and may be guilty as agents and employes, but the indictment should state the person, firm or company by whom they were employed, in order to measure up to the requirement of Art. 286, supra.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*